ORIGINAL

BRIAN VANDERHOOF
(NEVADA STATE BAR NO. 10463)
ROPERS, MAJESKI, KOHN & BENTLEY
515 South Flower Street, Suite 1100
Los Angeles, CA 90071-2213
Telephone:    (213) 312-2000
Facsimile:    (213) 312-2001
Email:        bvanderhoof@rmkb.com

NEIL B. DURRANT
(NEVADA STATE BAR NO. 7324)
JOHNS & DURRANT LLP
316 E. Bridger Avenue, Second Floor
Las Vegas, Nevada 89101
Tel: (702) 834-5000
Fax: (702) 834-5001
Email: ndurrant@johnsdurrantlaw.com

Attorneys for Plaintiff Everest Indemnity Insurance Company

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EVEREST INDEMNITY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>AVENTINE-TRAMONTI HOMEOWNERS ASSOCIATION, a Nevada nonprofit corporation; and DOE HOMEOWNERS' 1 through 500, TOWN CENTER VENTURES, LLC, a Nevada limited liability company; CAMS CONSTRUCTION CORPORATION, a Nevada corporation; ACCESS TECHNOLOGIES; AMERICAN ASPHALT & GRADING CO.; AMPAM/RCR PLUMBING; ARC ELECTRIC; AVANTI DOOR GROUP; BAIR'S CARPET; BRANDON IRON, INC.; C&W CLEANING; CENTURION SECURITY SYSTEM; CLOSET MASTERS; COAST WET PLUMBING, INC.; CONSTANT LIGHTING; CUSTOM HEALTH DISTRIBUTORS, INC.; D & L FRAMING; DAN BRADLEY'S GLASS SHOP, INC.; | CASE NO.<br><br>**COMPLAINT IN INTERPLEADER AND FOR DECLARATORY RELIEF**<br><br>[28 U.S.C. § 1335; 28 U.S.C. § 1332 (a)(1); F.R.Civ.P. 22; 28 U.S.C. §§ 2201-2202] |

RC1/5325266.1/AG     - 1 -     COMPLAINT IN INTERPLEADER AND FOR DECLARATORY RELIEF

| | |
|---|---|
| 1 | DESERT RAIN- ENVIRO SCAPE; DISTINCTIVE FRAMING; |
| 2 | DISTINCTIVE MARBLE, INC.; JOHNSON ELECTRIC; H & B |
| 3 | CONSTRUCTION; HARRISON DOOR COMPANY; HIGH ENERGY |
| 4 | ELECTRIC; JAYLEE DEVELOPMENT, LLC.; KEEGAN ENGINEERING, P.C.; |
| 5 | MASONRY BY BOB MARKS; METRO ELECTRIC; MOTIVATIONAL |
| 6 | SYSTEMS, INC.; NEVADA GYPSUM FLOORS, INC; NEVADA STAIRS, INC.; |
| 7 | NEVADA STATE PLASTERING; NEW CRETE; NORPAC CONSTRUCTION |
| 8 | LLC; PACIFIC DRYWALL & PAINT; PEARSON TRENCHING; PERSONAL |
| 9 | TOUCH INTERIORS; PIONEER OVERHEAD DOORS; PIPIES PAVING; |
| 10 | POOLS BY GRUBE; QUALITY CABINETS; R. W. STUCCO, INC.; |
| 11 | RISING SUN PLUMBING, LLC.; SAN GABRIEL, INC.; SEARS CONTRACT |
| 12 | SALES; SKYLINE INSULATION; STATE INSULATION; SUMMIT |
| 13 | DRYWALL & PAINT; SUNRISE MECHANICAL, INC.; SUPERIOR TILE |
| 14 | & MARBLE, INC.; UNITED RENTALS HIGHWAY TECH; VAZZANA |
| 15 | UNDERGROUND; WEST COAST FRAMING; WESTCOR WINDOWS & |
| 16 | PATIO DOOR; WESTERN PIPELINE CONSTRUCTION CORP.; WILLIS |
| 17 | ROOFING CO., INC.; ZEPEDA BROS. PAINT & DRYWALL |
| 18 | |
| | Defendants. |
| 19 | |

Plaintiff, Everest Indemnity Insurance Company ("EIIC" or "Plaintiff") alleges as follows:

I.
JURISDICTION AND VENUE

1. Jurisdiction exists pursuant to Rule 22 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1332 (a)(1) and 28 U.S.C. §§ 2201–2202. Plaintiff, Everest Indemnity Insurance Company, is a corporation duly incorporated in the state of Delaware and with its principal place of business in Liberty Corner, New Jersey. Defendant Aventine-Tramonti Homeowners Association is a Nevada non-profit corporation, and having its principal place of business within

RC1/5325266.1/AG  - 2 -  COMPLAINT IN INTERPLEADER AND FOR DECLARATORY RELIEF

the City of Las Vegas, County of Clark, State of Nevada and this judicial district. The amount of the money involved in this interpleader action is approximately $850,000 which exceeds $75,000.

2. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1335. EIIC is informed and believes and thereon alleges that defendant Pioneer Overhead Door Sales is a citizen of State of Utah. EIIC is also informed and believes and thereon alleges that defendant Distinctive Marble, Inc. is a citizen of the State of Arizona. EIIC is also informed and believes and thereon alleges that each of defendants RCR Plumbing and Mechanical, Inc., Motivational System, Inc., and Vazzana Underground Construction, Inc., is a citizen of the State of California. EIIC is informed and believes and thereon alleges that all other defendants (including the Association) are citizens of the state of Nevada. Further, the amount in controversy is approximately $850,000 which exceeds $500. Federal courts have subject matter jurisdiction where the stake consists of money or property valued at $500 or more, and diversity of citizenship exists between any two claimants. (28 U.S.C. § 1335)

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1397 and 28 U.S.C. § 1391. Defendants are subject to personal jurisdiction in this Court's district. Further, the events underlying this action took place within this Court's district.

## II.
## THE PARTIES

4. At all times herein mentioned, EIIC was and is a corporation duly incorporated in the state of Delaware and with its principal place of business in Liberty Corner, New Jersey.

5. At all times herein mentioned, EIIC was and is a corporation duly authorized to conduct business as an insurance company in the state of Nevada.

6. EIIC is informed and believes and thereon alleges that at all times herein mentioned, defendant **Aventine-Tramonti Homeowners Association** (the "Association") was and is a Nevada non-profit corporation organized and existing under and by virtue of the laws of the State of Nevada, and having its principal place of business within the City of Las Vegas, State of Nevada. EIIC is further informed and believes and thereon alleges that at all times herein mentioned, the Association is duly authorized to conduct business as a homeowners association in

the State of Nevada and to sue and be sued in a representative capacity under the laws of State of Nevada.

7. EIIC alleges that the true names, capacities, and identities of DOE HOMEOWNER defendants 1-500 Inclusive, whether individual, partnership, corporate, or otherwise, are at the present time unknown to EIIC, and therefore sues said DOE HOMEOWNER defendants by such fictitious names. EIIC is informed and believes and thereon alleges that each of said DOE HOMEOWNER defendants has some interest in the interpleaded funds referenced herein. At such time as the true names, capacities, and identities of said DOE HOMEOWNER defendants become known, EIIC will seek leave of the Court to amend this complaint accordingly.

8. EIIC is informed and believes and thereon alleges that at all times herein mentioned, defendant **Town Center Ventures, LLC** was and is a business entity doing business in the City of Las Vegas, State of Nevada.

9. EIIC is informed and believes and thereon alleged that at all times herein mentioned, defendant **Cams Construction Corporation** was and is a business entity doing business in the City of Las Vegas, State of Nevada.

10. EIIC is informed and believes and thereon alleged that at all times herein mentioned, defendant **Pageantry Communities, Inc.** was and is a business entity doing business in the City of Las Vegas, State of Nevada.

11. EIIC is informed and believes and thereon alleged that at all times herein mentioned, defendant **Pageantry Development Corp.** was and is a business entity doing business in the City of Las Vegas, State of Nevada.

12. EIIC is informed and believes and thereon alleged that at all times herein mentioned, defendant **Pageantry Realty, Inc.** was and is a business entity doing business in the City of Las Vegas, State of Nevada.

13. EIIC is informed and believes and thereon alleged that at all times herein mentioned, defendant **Premier Construction Corp.** was and is a business entity doing business in the City of Las Vegas, State of Nevada.

14. EIIC is informed and believes and thereon alleged that at all times herein mentioned, defendant **Pageantry Residential, LLC** was and is a business entity doing business in the City of Las Vegas, State of Nevada.

15. EIIC is informed and believes and thereon alleged that at all times herein mentioned, defendant **Access Technologies** was and is a business entity doing business in the City of Las Vegas, State of Nevada.

16. EIIC is informed and believes and thereon alleged that at all times herein mentioned, defendant **American Asphalt & Grading** was and is a business entity doing business in the City of Las Vegas, State of Nevada.

17. EIIC is informed and believes and thereon alleged that at all times herein mentioned, defendant **AMPAM/RCR Plumbing** was and is a business entity doing business in the City of Las Vegas, State of Nevada.

18. EIIC is informed and believes and thereon alleged that at all times herein mentioned, defendant **Arc Electric** was and is a business entity doing business in the City of Las Vegas, State of Nevada.

19. EIIC is informed and believes and thereon alleged that at all times herein mentioned, defendant **Avanti Door Group** was and is a business entity doing business in the City of Las Vegas, State of Nevada.

20. EIIC is informed and believes and thereon alleged that at all times herein mentioned, defendant **Bair's Carpet** was and is a business entity doing business in the City of Las Vegas, State of Nevada.

21. EIIC is informed and believes and thereon alleged that at all times herein mentioned, defendant **Brandon Iron, Inc.** was and is a business entity doing business in the City of Las Vegas, State of Nevada.

22. EIIC is informed and believes and thereon alleged that at all times herein mentioned, defendant **C & W Cleaning** was and is a business entity doing business in the City of Las Vegas, State of Nevada.

23. EIIC is informed and believes and thereon alleged that at all times herein

mentioned, defendant **Centurion Security System** was and is a business entity doing business in the City of Las Vegas, State of Nevada.

24. EIIC is informed and believes and thereon alleged that at all times herein mentioned, defendant **Closet Masters** was and is a business entity doing business in the City of Las Vegas, State of Nevada.

25. EIIC is informed and believes and thereon alleged that at all times herein mentioned, defendant **Coast West Plumbing, Inc.** was and is a business entity doing business in the City of Las Vegas, State of Nevada.

26. EIIC is informed and believes and thereon alleged that at all times herein mentioned, defendant **Constant Lighting** was and is a business entity doing business in the City of Las Vegas, State of Nevada.

27. EIIC is informed and believes and thereon alleged that at all times herein mentioned, defendant **Custom Hearth Distributors, Inc.** was and is a business entity doing business in the City of Las Vegas, State of Nevada.

28. EIIC is informed and believes and thereon alleged that at all times herein mentioned, defendant **D & L Framing** was and is a business entity doing business in the City of Las Vegas, State of Nevada.

29. EIIC is informed and believes and thereon alleged that at all times herein mentioned, defendant **Dan Bradley's Glass Shop, Inc.** was and is a business entity doing business in the City of Las Vegas, State of Nevada.

30. EIIC is informed and believes and thereon alleged that at all times herein mentioned, defendant **Desert Rain – Enviro Scape** was and is a business entity doing business in the City of Las Vegas, State of Nevada.

31. EIIC is informed and believes and thereon alleged that at all times herein mentioned, defendant **Distinctive Framing** was and is a business entity doing business in the City of Las Vegas, State of Nevada.

32. EIIC is informed and believes and thereon alleged that at all times herein mentioned, defendant **Distinctive Marble, Inc.** was and is a business entity doing business in the

City of Las Vegas, State of Nevada.

33. EIIC is informed and believes and thereon alleged that at all times herein mentioned, defendant **H & B Construction** was and is a business entity doing business in the City of Las Vegas, State of Nevada.

34. EIIC is informed and believes and thereon alleged that at all times herein mentioned, defendant **Harrison Door Company** was and is a business entity doing business in the City of Las Vegas, State of Nevada.

35. EIIC is informed and believes and thereon alleged that at all times herein mentioned, defendant **High Energy Electric** was and is a business entity doing business in the City of Las Vegas, State of Nevada.

36. EIIC is informed and believes and thereon alleged that at all times herein mentioned, defendant **Jaylee Development LLC** was and is a business entity doing business in the City of Las Vegas, State of Nevada.

37. EIIC is informed and believes and thereon alleged that at all times herein mentioned, defendant **Johnson Electric** was and is a business entity doing business in the City of Las Vegas, State of Nevada.

38. EIIC is informed and believes and thereon alleged that at all times herein mentioned, defendant **Keegan Engineering P.C.** was and is a business entity doing business in the City of Las Vegas, State of Nevada.

39. EIIC is informed and believes and thereon alleged that at all times herein mentioned, defendant **Masonry By Bob Marks** was and is a business entity doing business in the City of Las Vegas, State of Nevada.

40. EIIC is informed and believes and thereon alleged that at all times herein mentioned, defendant **Metro Electric** was and is a business entity doing business in the City of Las Vegas, State of Nevada.

41. EIIC is informed and believes and thereon alleged that at all times herein mentioned, defendant **Motivational Systems, Inc.** was and is a business entity doing business in the City of Las Vegas, State of Nevada.

42. EIIC is informed and believes and thereon alleged that at all times herein mentioned, defendant **Nevada Gypsum Floors, Inc.** was and is a business entity doing business in the City of Las Vegas, State of Nevada.

43. EIIC is informed and believes and thereon alleged that at all times herein mentioned, defendant **Nevada Stairs, Inc.** was and is a business entity doing business in the City of Las Vegas, State of Nevada.

44. EIIC is informed and believes and thereon alleged that at all times herein mentioned, defendant **Nevada State Plastering** was and is a business entity doing business in the City of Las Vegas, State of Nevada.

45. EIIC is informed and believes and thereon alleged that at all times herein mentioned, defendant **New Crete** was and is a business entity doing business in the City of Las Vegas, State of Nevada.

46. EIIC is informed and believes and thereon alleged that at all times herein mentioned, defendant **Norpac Construction LLC** was and is a business entity doing business in the City of Las Vegas, State of Nevada.

47. EIIC is informed and believes and thereon alleged that at all times herein mentioned, defendant **Pacific Drywall & Paint** was and is a business entity doing business in the City of Las Vegas, State of Nevada.

48. EIIC is informed and believes and thereon alleged that at all times herein mentioned, defendant **Pearson Trenching** was and is a business entity doing business in the City of Las Vegas, State of Nevada.

49. EIIC is informed and believes and thereon alleged that at all times herein mentioned, defendant **Personal Touch Interiors** was and is a business entity doing business in the City of Las Vegas, State of Nevada.

50. EIIC is informed and believes and thereon alleged that at all times herein mentioned, defendant **Pioneer Overhead Doors** was and is a business entity doing business in the City of Las Vegas, State of Nevada.

51. EIIC is informed and believes and thereon alleged that at all times herein

mentioned, defendant **Pipes Paving** was and is a business entity doing business in the City of Las Vegas, State of Nevada.

52. EIIC is informed and believes and thereon alleged that at all times herein mentioned, defendant **Pools by Grube** was and is a business entity doing business in the City of Las Vegas, State of Nevada.

53. EIIC is informed and believes and thereon alleged that at all times herein mentioned, defendant **Quality Cabinets** was and is a business entity doing business in the City of Las Vegas, State of Nevada.

54. EIIC is informed and believes and thereon alleged that at all times herein mentioned, defendant **R. W. Stucco, Inc.** was and is a business entity doing business in the City of Las Vegas, State of Nevada.

55. EIIC is informed and believes and thereon alleged that at all times herein mentioned, defendant **Rising Sun Plumbing** was and is a business entity doing business in the City of Las Vegas, State of Nevada.

56. EIIC is informed and believes and thereon alleged that at all times herein mentioned, defendant **San Gabriel, Inc.** was and is a business entity doing business in the City of Las Vegas, State of Nevada.

57. EIIC is informed and believes and thereon alleged that at all times herein mentioned, defendant **Sears Contract Sales** was and is a business entity doing business in the City of Las Vegas, State of Nevada.

58. EIIC is informed and believes and thereon alleged that at all times herein mentioned, defendant **Skyline Insulation** was and is a business entity doing business in the City of Las Vegas, State of Nevada.

59. EIIC is informed and believes and thereon alleged that at all times herein mentioned, defendant **State Insulation** was and is a business entity doing business in the City of Las Vegas, State of Nevada.

60. EIIC is informed and believes and thereon alleged that at all times herein mentioned, defendant **Summit Drywall & Paint** was and is a business entity doing business in

the City of Las Vegas, State of Nevada.

61. EIIC is informed and believes and thereon alleged that at all times herein mentioned, defendant **Sunrise Mechanical, Inc.** was and is a business entity doing business in the City of Las Vegas, State of Nevada.

62. EIIC is informed and believes and thereon alleged that at all times herein mentioned, defendant **Superior Tile & Marble, Inc.** was and is a business entity doing business in the City of Las Vegas, State of Nevada.

63. EIIC is informed and believes and thereon alleged that at all times herein mentioned, defendant **United Rentals Highway Tech** was and is a business entity doing business in the City of Las Vegas, State of Nevada.

64. EIIC is informed and believes and thereon alleged that at all times herein mentioned, defendant **Vazzana Underground** was and is a business entity doing business in the City of Las Vegas, State of Nevada.

65. EIIC is informed and believes and thereon alleged that at all times herein mentioned, defendant **West Coast Framing** was and is a business entity doing business in the City of Las Vegas, State of Nevada.

66. EIIC is informed and believes and thereon alleged that at all times herein mentioned, defendant **WestCor Windows & Patio Door** was and is a business entity doing business in the City of Las Vegas, State of Nevada.

67. EIIC is informed and believes and thereon alleged that at all times herein mentioned, defendant **Western Pipeline Construction Corp.** was and is a business entity doing business in the City of Las Vegas, State of Nevada.

68. EIIC is informed and believes and thereon alleged that at all times herein mentioned, defendant **Willis Roofing Co., Inc.** was and is a business entity doing business in the City of Las Vegas, State of Nevada.

69. EIIC is informed and believes and thereon alleged that at all times herein mentioned, defendant **Zepeda Bros. Paint & Drywall** was and is a business entity doing business in the City of Las Vegas, State of Nevada.

70. EIIC alleges that the true names, capacities, and identities of DOE defendants 501-600 Inclusive, whether individual, partnership, corporate, or otherwise, are at the present time unknown to EIIC, and therefore sue said DOE defendants by such fictitious names. EIIC is informed and believes and thereon alleges that each of said DOE defendants has some interest in the interpleaded funds referenced herein. At such time as the true names, capacities, and identities of said DOE defendants become known, EIIC will seek leave of the Court to amend this Cross-complaint accordingly.

## III.
## FACTUAL BACKGROUND

A. **The Policy**

71. EIIC issued an Owner Controlled Insurance Program policy (policy no. 5000000253-031) effective May 15, 2003 through May 15, 2006 (the "Policy" or the "Wrap Policy") in connection with a construction project designated project identified in the Policy as Fort Apache Road and Gilcrease Avenue, Las Vegas, Nevada (the "Project.") (Attached to this Complaint as Exhibit "A" and incorporated by reference herein is a copy of the Policy[1].)

72. EIIC is informed and believes and thereon alleges that there are no other primary or excess insurance policies obtained by Pageantry for the Project.

73. The Policy provides commercial general liability coverage with a $1 million limit subject to a $50,000 "Self Insured Retention."

74. **The Policy is subject to form ECG 25 508 07 02 "Defense Expenses Within Limits" which provides that payment of "defense expenses" will reduce the limits of insurance by that amount. Thus, the maximum that EIIC will pay in connection with the claims for this Project for "defense expenses" and indemnity combined is $1,000,000.**

75. The "LIMITS OF INSURANCE" provisions of the Policy's Commercial General Liability ("CGL") coverage Form (CG 00 01 10 01) state that the Limits of Insurance shown in the Declarations "and the rules below," fix the most EIIC will pay regardless of the number of

---

[1] Certain premium information which constitutes EIIC's proprietary information has been redacted. Those pages of the Policy where premium information has been redacted is marked "REDACTED".

RC1/5325266.1/AG  - 11 -  COMPLAINT IN INTERPLEADER AND FOR DECLARATORY RELIEF

1  insureds, claims made or "suits" brought, or persons or organizations making claims or bringing
2  "suits."
3     76.  The Each Occurrence limit is the most EIIC will pay for the sum of Damages
4  under Coverage A and Medical Expenses under Coverage C because of all "bodily injury" and
5  "property damage" arising out of any one "occurrence."

### B. The Insureds

7     77.  The first named insured under the Policy is Town Center Ventures LLC ("TCV")
8  who acted as the developer and general contractor. All the work was performed by contractors
9  and subcontractors on TCV's behalf. Other named insureds are Cams Construction Corp,
10 Pageantry Communities, Inc., Pageantry Development, Pageantry Reality, Inc., Pageantry
11 Residential, LLC, and Premier Construction Corp (collectively referred to as "Pageantry") and
12 **all contractors and subcontractors enrolled** in the Wrap Policy who are listed as "Other
13 Named Insureds on the Policy. (True and correct copies of the lists of all the contractors and
14 subcontractors enrolled in the Policy are attached hereto as Exhibits "B" and "C" which may
15 contain overlapping information.)

### C. The Underlying Lawsuit

17    78.  On or about January 15, 2008, the Association filed a complaint in the Nevada
18 State Court (case no. A555328, District Court, County of Clark, State of Nevada) against Town
19 Center Ventures LLC and Cams Construction, *Aventine-Tramonti Homeowners Association et
20 al. v. Town Center Ventures et al.* ("Underlying Lawsuit") in connection with the various
21 alleged construction defects and deficiencies in the Project.
22    79.  EIIC undertook the defense of its insureds named defendants in the Underlying
23 Lawsuit.
24    80.  EIIC is informed and believes and thereon alleges that the $50,000 Self Insured
25 Retention has been satisfied.
26    81.  As of the date of filing this complaint in interpleader, after satisfaction of the Self-
27 Insured Retention, the insureds (named defendants in the Underlying Lawsuit), have incurred
28 approximately $150,000 in defense fees and costs. Those legal bills have eroded the limits of

RC1/5325266.1/AG                                - 12 -                 COMPLAINT IN INTERPLEADER
                                                                       AND FOR DECLARATORY RELIEF

the Policy; leaving approximately $850,000 in available policy limits.

82. Shortly after filing of this Complaint and upon this Court's order and approval, EIIC will deposit the sum of $850,000 with the Court registry. EIIC will do a full accounting in ninety (90) days. In the event that the total amount of legal bills paid by EIIC is determined to be less than $150,000, EIIC will deposit with the Court the sum representing the difference between $150,000 and the total amount of legal fees paid by EIIC.

## IV.
## THERE ARE COMPETING CLAIMS TO THE SAME FUNDS

83. Since October 2007, the Association has made several demands for the EIIC policy limits.

84. Since October 2007, EIIC has made several settlement offers to the Association where EIIC agreed to tender the remainder of its policy limits in exchange for a complete and full release of all of its insureds under the Policy. The Association has rejected all those offers maintaining that the value of the Association case (*i.e.*, the Underlying Lawsuit) is well over $7,000,000.00 and probably could even exceed $10,000,000.

85. Since October 2007, EIIC has cooperated with the Association and refrained from filing a complaint in interpleader allowing the Association to file the Underlying Lawsuit to conduct limited discovery to obtain information regarding other insurance assets of the contractors and subcontractors enrolled in the Wrap Policy and involved in the construction of the Project.

86. EIIC is informed and believes and thereon alleges that the Association has obtained the information regarding other insurance assets of the contractors and subcontractors enrolled in the Wrap Policy and involved in the construction of the Project as set forth in the preceding paragraph.

87. EIIC is informed and believes and thereon alleges that in the Underlying Lawsuit, no allocation of liability (among the various contractor and subcontractors) has been made.

88. In February 2009, the Association rejected a mediator's proposal in the Underlying Lawsuit, which required, among other things, the payment of the remainder of EIIC's policy

RC1/5325266.1/AG — - 13 - — **COMPLAINT IN INTERPLEADER AND FOR DECLARATORY RELIEF**

limits in exchange for the Association's execution of release and covenant not to execute against all the insureds under the Policy, except to the extent of the insureds' other available insurance assets.

89. Even though the contractors and subcontractors enrolled in the Policy are not currently named as defendants in the Underlying Lawsuit, all of them are, and remain, potentially liable for the damages sought in the Underlying Lawsuit by the Association and any future lawsuits by individual homeowners or class actions by the homeowners. This is because the amount of damages claimed by the Association in the Underlying Lawsuit (*i.e.*, $7-$10 million) far exceeds the insurance proceeds available under the Wrap Policy. Further, several demands for policy limits have been made by the Association which impact the rights of all the insrureds under the Wrap Policy and EIIC's obligations to all of its insureds. Consequently, all the insureds enrolled in the Wrap Policy (who are named herein as defendants) have actual or potential claim to the proceeds of the Policy.

90. The Underlying Lawsuit and the Association's claim for $7-$10 million in construction damages for construction defects and deficiencies therefore present potential "bad faith" exposure for EIIC as to its multiple insureds. Where there are several co-insureds, the insurer owes duties of defense and indemnification to each up to the stated policy limits. Where claims exceeding policy limits are asserted against several co-insureds, an insurer's payment of its policy limits to settle claims against one insured does not necessarily discharge its duties of defense and indemnification to the others. An insurer owes the duty of good faith and fair dealing to each of its insureds, and cannot favor the interests of one insured over the other.

91. EIIC therefore faces multiple actual and/or potential claims to the applicable limits of its Policy by two or more persons which may subject EIIC to multiple liabilities, which makes Interpleader necessary.

## V.
## FIRST CAUSE OF ACTION FOR INTERPLEADER
(Against All Defendants)

92. EIIC refers to each and every allegation in paragraphs 1-90 above and incorporates

RC1/5325266.1/AG  -14-  COMPLAINT IN INTERPLEADER AND FOR DECLARATORY RELIEF

those para graphs s though set forth in full herein.

93. EIIC is in possession of the remaining **$850,000** of EIIC' applicable **$1 million** policy limits.

94. Pursuant to the facts set forth above, EIIC is unable to determine the validity of the above-referenced conflicting actual/potential demands by the insureds and the claimants named as defendants herein, and cannot determine or allocate the amount(s) to which each of the claimant is entitled or to whom said money belongs.

95. EIIC claims no interest in the remaining $850,000 of EIIC's applicable $1 million policy limits.

96. Upon this Court's approval and order and shortly after filing of this Complaint, EIIC shall deposit the aforesaid remaining **$850,000** of EIIC' applicable $1 million with the clerk of this Court pursuant to 28 U.S.C. § 1335(a)(2).

97. Plaintiff has incurred cost and reasonable attorneys fees in connection with these proceedings and may incur additional costs and fees hereafter.

## VI.
## SECOND CAUSE OF ACTION FOR DECLARATORY RELIEF

(Against All Defendants)

98. EIIC refers to each and every allegation in paragraphs 1-96 above and incorporates those paragraphs s though set forth in full herein.

99. An actual controversy has arisen between the parties hereto with respect to the amounts due, or amounts to be allocated, to each defendant under the Policy. Plaintiff is entitled to have this Court decide the legal rights and obligations of Plaintiff and defendants and each of them and to have this Court render its judgment of declaratory relief regarding the amounts due, or the amounts to be allocated, under the Policy.

WHEREFORE EIIC prays for judgment as follows:

(1) That defendants and each of them be ordered to interplead, litigate and settle among themselves their rights to the money due under the Policy;

(2) That Plaintiff be discharged from liability to each of said defendants with respect

1 to said money or property;

2     (3) That this Court enter its judgment of declaratory relief regarding the amount due,
3 or amount to be allocated, to each of defendants, under the Policy;

4     (4) That Plaintiff be awarded costs and reasonable attorneys' fees to be paid to
5 Plaintiff from the funds deposited with the clerk of the Court as aforesaid; and

6     (5) For such other and further relief the Court deems just.

Dated: August 26, 2009

ROPERS, MAJESKI, KOHN & BENTLEY

By: _____
BRIAN VANDERHOOF
Attorneys for Plaintiff EVEREST
INDEMNITY INSURANCE COMPANY

Dated: August 28th, 2009

JOHNS & DURRANT LLP

By: _____
NEIL B. DURRANT
Attorneys for Plaintiff EVEREST
INDEMNITY INSURANCE COMPANY

RC1/5325266.1/AG      - 16 -      COMPLAINT IN INTERPLEADER AND FOR DECLARATORY RELIEF

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles