Joseph L. Oliva, Nevada State Bar No. 9283
OLIVA & ASSOCIATES, ALC
11770 Bernardo Plaza Court, Suite 350
San Diego, California 92128
Telephone: (858) 385-0491
Facsimile: (858) 385-0499

Will Lemkul, Nevada State Bar No. 6715
MORRIS SULLIVAN & LEMKUL
500 N. Rainbow Boulevard, Suite 300
North Las Vegas, NV 89107
Telephone: (702) 405-8100
Facsimile: (702) 405-8101

Attorneys for Defendant and Cross-Claimant
RCR PLUMBING AND MECHANICAL, INC. fka
AMPAM RCR COMPANIES erroneously sued as
AMPAM/RCR PLUMBING

# UNITED STATES DISTRICT COURT

# DISTRICT COURT OF NEVADA

| | |
|---|---|
| EVEREST INDEMNITY INSURANCE COMPANY, <br><br> Plaintiff, <br><br> vs. <br><br> AVENTINE-TRAMONTI HOMEOWNERS ASSOCIATION, a Nevada nonprofit corporation, et al., <br><br> Defendants. <br><br> AND ALL RELATED CROSS-ACTIONS. | CASE NO. 2:09-cv-01672-RCJ-RJJ <br><br> **DEFENDANT RCR PLUMBING AND MECHANICAL, INC. FKA AMPAM RCR COMPANIES' MOTION FOR EXTENSION OF DISCOVERY DEADLINES AND AMENDMENT TO SCHEDULING ORDER** |

Defendant/Cross-Claimant RCR PLUMBING AND MECHANICAL, INC. fka AMPAM RCR COMPANIES, (hereinafter "RCR PLUMBING") hereby respectfully request an extension of the discovery and case deadlines as set forth in the September 20, 2010, Order to Modify Scheduling Order.

/ / /

/ / /

1

CASE NO. 09cv01672 RCJ-RJJ

I.

# INTRODUCTION

Despite the initial Complaint in this matter being filed in August, 2009, Defendant and Cross-Claimant RCR PLUMBING made its first appearance in this matter on September 3, 2010. RCR PLUMBING'S first appearance was subsequent to the parties executed stipulation to modify the Court's previous Scheduling Order dated March 11, 2010. As RCR PLUMBING has just entered this litigation, it hereby respectfully requests an additional 120 days extension of the dates set forth in the Court's recent Scheduling Order of September 20, 2010.

II.

# FACTS

RCR PLUMBING was a defendant (subcontractor) who performed construction on the project which is subject to the Underlying Action to this interpleader and coverage matter. The Underlying Action was filed by Defendant Aventine-Tramonti Homeowner's Association in the Clark County, Nevada District Court, entitled <u>Aventine-Tramonti Homeowner's Association, et. al. v. Town Center Ventures, et. al.</u> (Case No. A555328).

In this matter, RCR PLUMBING was served with Plaintiff's complaint on August 13, 2010. RCR PLUMBING timely filed its Answer and Counter Claim on September 3, 2010. RCR PLUMBING first received the Stipulation Modify Scheduling Order on September 20, 2010. As it had not yet appeared in this action, RCR PLUMBING was not given any opportunity to comment or provide input on the stipulation to modify the Scheduling Order executed by the other parties on June 29, 2010. Given that RCR PLUMBING has just recently appeared in this action on September 3, 2010, the dates set forth in the September 20, 2010, Stipulated Scheduling Order are prejudicial to RCR PLUMBING'S legal rights and its ability to prosecute its cross-claims against Plaintiff (Everest Indemnity Insurance Company). Specifically, the current discovery deadlines do not provide ample time for RCR PLUMBING to propound discovery, investigate the plaintiff's claims, and retain experts and prepare experts

///

in time to prepare the upcoming 26(a) (2) disclosures which are due soon, on October 29, 2010.

In addition, plaintiff/Cross-defendant, Everest Indemnity Insurance Company, has brought a Motion to Dismiss and Motion to Strike RCR PLUMBING'S Cross Claims. As such, the pleadings, as to RCR PLUMBING, are not yet in final form; hence, its cross-claim is not even at issue yet, such that any expert disclosure is woefully premature. The opposition to these motions is due on October 22, 2010, and the hearing date will likely be after the current deadline to disclose experts on October 29, 2010.

## III.

## GOOD CAUSE EXISTS TO EXTEND DISCOVERY DEADLINES

a. RCR PLUMBING made its first appearance in this matter on September 3, 2010. On October 1, 2010, RCR PLUMBING made its Rule 26 (a)(1) (A-D) disclosures. To date, RCR PLUMBING has not yet received the disclosures and documents produced by the other parties to this action. It has requested the disclosure information and documents from each party pursuant to LR 26-6; however, receiving all the requisite documents and disclosures will likely take 30 days.

b. RCR PLUMBING is also in the process of drafting written discovery to the plaintiff and other parties to this action. Given RCR PLUMBING'S cross-claim against EIIC for breach of contact, breach of the implied covenant of goof faith and fair dealing, and declaratory relief, it intends to request the following written discovery to EIIC in the form of **Request for Production, Interrogatories, and Requests for Admissions as to the Following Topics**:

1) The complete EIIC Owner Controlled Insurance Program policy numbered 5000000253-031 effective May 15, 2003 through May 15, 2006 (hereinafter the "Policy").

2) The Certificate of Enrollment as to the Responding Party under the "Policy."

3) Responding Party's tender of defense to EIIC dated January 29, 2010, under the Policy.

4) The Chapter 40 Notice under N.R.S. 40.646 to Responding Party dated June 15, 2009.

5) Written and electronic communications by and between RCR PLUMBING and EIIC, and its representatives, including without limitation tenders and requests for coverage for the Underlying Action.

6) Letters to EIIC tendering the Underlying Action.

7) EIIC claims file pertaining to the Underlying Action.

8) Denial letters from EIIC pertaining to the Underlying Action.

9) Written and electronic communications by and between RCR PLUMBING and developer entities regarding the projects at issue in the Underlying Action and/or repairs thereto.

10) Pleadings and Discovery from the Underlying Action.

11) Final Defect Lists, Cost of Repairs and all responses in the Underlying Action.

12) Expert reports and all responses in the Underlying Action with respect only to the EIIC'S duty to defend which triggers defense obligation until action completed.

13) Documents in the possession or control of Responding Party concerning the projects at issue in the Underlying Action, including without limitation job files.

14) Job diaries, logs, activity reports maps and plans pertaining to Responding Party and the projects at issue in the Underlying Action and/or repairs thereto.

15) Documents received through subpoena from DBH Resources, Inc., and *Brown and Brown- Henderson NV.*

16) Any settlement agreements in the Underlying Action.

17) Manuals, memoranda, circulars, guidelines, directives, or training materials used, employed, maintained, or made available at EIIS' offices pertaining to underwriting practices.

/ / /

18) Manuals, memoranda, circulars, guidelines, directives, or training materials used, employed, maintained, or made available at EIIS' offices pertaining to the handling of claims.

RCR PLUMBING also intends to notice the following **Depositions:**

1) DBH Resources, Inc. 3415 S. Sepulveda Blvd., Suite 900, Los Angeles, California 90034, (310 398-5697. OCIP Insurance Program.

2) Person most knowledgeable from Town Center Ventures, LLC.

3) Person most knowledgeable from Pageantry Communities, 1333 North Buffalo Drive, Suite 220, Las Vegas, NV. 89128, (702) 365-5050.

4) Brown and Brown- Henderson NV, 2340 Corporate Circle, 2nd floor, Henderson, NV, (702) 597-5110.

5) Any and all claims adjusters at Everest Indemnity Insurance Company ("EIIC") assigned to the claim pertaining to Defendant's tenders and requests for coverage and their claims supervisors who participated in the decision making.

6) Persons most knowledgeable at EIIC regarding underwriting of the subject policy issued by EIIC to Defendant.

7) Any and all underwriters at EIIC who underwrote the Policy.

8) Persons Most Knowledgeable from EIIC regarding underwriting, claims operations, and trade manuals, guidelines, and directives regarding the criteria of assessing underwriting risks and defending claims.

9) Persons Most Knowledgeable from EIIC regarding settlement offers and homeowner claims made in the Underlying Action entitled <u>Aventine-Tramonti Homeowner's Association, et. al. v. Town Center Ventures, et. al.</u> (Case No. A555328) (hereinafter the "Underlying Action."

    c.    Although RCR PLUMBING is drafting this discovery to EIIS and other parties, it will not be in receipt of such written discovery, responsive documents, or information obtained from third-party subpoenas from which to prepare its expert disclosures

specified in Fed. R. Civ. P. 26(a)(2) on or before <u>October 29, 2010</u>, which is the current deadline for expert disclosures. RCR PLUMBING will also not be prepared to disclose its rebuttal experts on or before November 30, 2010. As Moving Party does not yet know the scope or extent of liability or damages it may face in the Underlying Action nor the defenses presented by EIIC in its Cross-Claim--both issues which require expert opinion testimony—the current deadlines will prejudice RCR PLUMBING'S rights and interests in this litigation. Given the Court's Order of March 11, 2010, RCR PLUMBING'S must now move for the extension of all discovery deadlines twenty (20) days prior to the October 29, 2010 expert deadline, which it hereby does.

      d.    Based on the foreseeable prejudice to RCR PLUMBINGS rights, RCR PLUMBING requests that the court extend the current scheduling dates out 120 days as follows:

1) Discovery in this action shall be completed on or before April 8, 2011 (continued from January 5, 2011);

2) Disclosures specified in Fed. R. Civ. P. 26 (a)(2) shall be made on or before January 28, 2011(continued from October 29, 2010);

3) Disclosures respecting rebuttal experts shall be made on or before February 25, 2011(continued from November 30, 2010);

4) On or before January 28, 2011, the parties shall file an Interim Status Report as required by LR 26-3, stating the time estimate for trial, three alternative dates for trial and whether or not trial will be proceeding or affected by substantive motions (continued from October 29, 2010);

5) Dispositive motions in this matter should be filed on or before April 8, 2011(continued from February 4, 2011); and

6) If no dispositive motions have been filed within the time frame specified in the Court's Modified Scheduling Order, then the parties shall file a written, joint proposed Pretrial Order by April 8, 2011. If dispositive motions are filed, then the

parties shall file a written, joint proposed Pretrial Order within 30 days of the date the Court enters a ruling on said dispositive motions (continued from February 4, 2011).

In the alternative, RCR PLUMBING requests that the court vacate all dates set forth in the Scheduling Order of September 20, 2010, and set a Scheduling Conference as soon as practicable.

Dated this 8th day of October 2010.

By: /s/ Joseph L. Oliva
JOSEPH L. OLIVA
Nevada Bar No. 9283
OLIVA & ASSOCIATES, ALC
11770 Bernardo Plaza Court, Suite 350
San Diego, CA 92128
Telephone:   (858) 385-0491
Fax:         (858) 385-0491

By: /s/ Will Lemkul
WILL LEMKUL
Nevada State Bar No. 6715
MORRIS SULLIVAN & LEMKUL
500 N. Rainbow Boulevard, Suite 300
North Las Vegas, NV 89107
Telephone:   (702) 405-8100
Fax:         (702) 405-8101

**Attorneys for RCR PLUMBING
AND MECHANICAL, INC. fka
AMPAM RCR COMPANIES**

ORDERED that the court adopts the amendment to the discovery plan and scheduling order as set forth in paragraph d) 1-6, as set forth above.

_____
United States Magistrate Judge
Date: Nov. 10, 2010