FILED ___ RECEIVED
___ ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

DEC 2 8 2010

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EVEREST INDEMNITY INSURANCE CO., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> AVENTINE-TRAMONTI HOMEOWNERS ) <br> ASSOCIATION et al., ) <br> ) <br> Defendants. ) <br> _____ ) | 2:09-cv-01672-RCJ-RJJ <br><br> **ORDER** |

This is an interpleader action arising out of claims (and potential claims) by approximately sixty Defendants against Plaintiff Everest Indemnity Insurance Co. ("Everest"). Five motions are pending before the Court: Pipes Paving's Motion to File Counterclaim (ECF No. 131); Plaintiff's Motion to Strike Pipes Paving's Motion to File Counterclaim (ECF No. 164); Rising Sun Plumbing, LLC's Motion to File Counterclaim (ECF No. 150); Nevada Stairs, Inc.'s Motion to File Amended Answer and Counterclaim (ECF No. 152); and Plaintiff's Motion to Dismiss Counterclaim of Town Center Ventures, LLC (ECF No. 163).

I.  **FACTS AND PROCEDURAL HISTORY**

In connection with a construction project at Fort Apache Road and Gilcrease Avenue in Las Vegas, Nevada, (the "Project") Plaintiff Everest issued an Owner Controlled Insurance Program Policy (the "Policy") effective May 15, 2003 through May 15, 2006 to Defendant Town Center Ventures, LLC ("TCV"), which covered TCV, as well as contractors and subcontractors. (Compl. ¶¶ 71, 77). The Policy provides $1 million in coverage, subject to a $50,000 "Self

Insured Retention." (*Id.* ¶ 73). On or about January 15, 2008, Defendant Aventine-Tramonti Homeowners Association (the "Association") sued TCV and Defendant Cams Construction ("Cams") in state court for alleged construction defects. (*Id.* ¶ 78). Plaintiff undertook the defense of its insureds TCV and Cams and had already expended $150,000 in their defense as of the date of the present Complaint (August 28, 2009), leaving approximately $850,000 available under the Policy. (*Id.* ¶ 81). Since October 2007, the Association has made several demands under the Policy and has rejected both Plaintiff's own policy-limits settlement offer and a mediator's proposal that included payment of the policy limits, choosing instead to pursue a multi-million-dollar judgment against Plaintiff's insureds. (*Id.* ¶ 83–84, 88). Plaintiff acknowledges that the covered contractors and subcontractors are not named as defendants in the state court litigation but alleges that they remain potentially liable for the damages sought therein in the current litigation and potential future litigation. (*See id.* ¶ 89).

Because Plaintiff could potentially face rival claims from its various insureds under the Policy that exceed the $850,000 in its maximum liability under the policy, it filed the present interpleader action. (*See id.* ¶ 90). Plaintiff has sued approximately sixty of its insureds under the Policy, as well as the Association, TCV, and Cams, on two causes of action pursuant to 28 U.S.C. §§ 1335 and 2201: (1) Interpleader; and (2) Declaratory Relief. Plaintiff has deposited $850,000 with the Court. (*See* Certificate, Sept. 17, 2009, ECF No. 9).

Several Defendants have filed counterclaims: (1) Nevada Gypsum Floors, Inc., (*see* Answer & Countercl., ECF No. 44); (2) TCV et al., (*see* Answer & Countercl., ECF No. 46); (3) Avanti Door Group, (*see* Answer & Countercl., ECF No. 75); and (4) Western Pipeline Construction Corp., (*see* Answer & Countercl., ECF No. 81). Pipes Paving; Rising Sun, LLC; and Nevada Stairs, Inc. have each filed separate motions for leave to file their own counterclaims. Nevada Stairs also seeks leave to amend its answer. Plaintiff has moved to strike Pipes Paving's motion and to dismiss the existing TCV Counterclaim for failure of those parties

<...>
to obtain counsel.

## II. LEGAL STANDARDS

### A. Leave to Amend an Answer or to File a Counterclaim

A party may amend a pleading once as a matter of course within twenty-one days of serving it if no responsive pleading is required. *See* Fed. R. Civ. P. 15(a)(1)(A). A district court has discretion to permit an amendment to an answer, *Gentala v. City of Tucson*, 213 F.3d 1055, 1061 (9th Cir. 2000), or to grant leave to file a counterclaim, *Ralston-Purina Co. v. Bertie*, 541 F.2d 1363, 1367 (9th Cir. 1976). Federal Rule of Civil Procedure 15(a) is to be applied liberally in favor of amendments and, in general, leave shall be freely given when justice so requires. *See Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994). In considering whether to grant or deny a motion seeking leave to amend, a court may consider whether there is (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility in the amendment, and (5) whether the movant has previously amended the pleading. *See Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

### B. Rule 12(f)

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A district court's ruling on a motion to strike is reviewed for an abuse of discretion. *See Hambleton Bros. Lumber Co. v. Balkin Enters., Inc.*, 397 F.3d 1217, 1224 n.4 (9th Cir. 2005).

### C. Appearances of Business Entities in Federal Court

A business entity must be represented by a licensed attorney in federal court. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) (citing 28 U.S.C. § 1654); *United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) ("A corporation may appear in federal court only through licensed counsel."); *see also In re Discipline of Schaefer*, 25 P.3d 191, 200 (Nev. 2001) ("We have consistently held that a legal

entity such as a corporation cannot appear except through counsel . . . .").

## III. ANALYSIS

### A. Pipes Paving's Motion for Leave to File Counterclaim and Plaintiff's Motion to Strike

Pipes Paving seeks leave to amend its Answer to add counterclaims for breach of contract, unjust enrichment, and breach of the covenant of good faith and fair dealing. (*See* Mot. Ex. A, ECF No. 131). In response, Plaintiff moves to strike the motion because Pipes paving is not represented by counsel. Indeed, the record indicates that pipes Paving has not been represented by counsel since July 13, 2010. The Court therefore denies its motion to amend and grants the motion to strike it.

### B. Rising Sun Plumbing's Motion for Leave to File Counterclaim

Rising Sun Plumbing seeks leave to file counterclaims for declaratory relief, breach of contract, and breach of the covenant of good faith and fair dealing. (*See* Mot., ECF No. 150). Plaintiff has filed a notice clarifying that its motion to strike does not apply to Rising Sun Plumbing's motion, and Plaintiff has not otherwise opposed the motion. The Court therefore grants the motion. *See* L.R. Civ. Prac. 7-2(d).

### C. Nevada Stairs' Motion for Leave to File Counterclaim

Nevada Stairs seeks leave to amend its answer to file counterclaims for breach of contract, unjust enrichment, and breach of the covenant of good faith and fair dealing. (*See* Mot. Ex. A, ECF No. 152-1). Plaintiff has not opposed the motion. The Court therefore grants the motion. *See* L.R. Civ. Prac. 7-2(d).

### D. Motion to Dismiss Counterclaim of TCV

Finally, Plaintiff has moved to dismiss the existing TCV Counterclaim. That Counterclaim is brought by TCV; Cams; Pageantry Communities, Inc.; Pageantry Development Corp.; Pageantry Realty, Inc.; Pageantry Residential, LLC; and Premier Construction Corp.

(collectively, "Counterclaimants"). (*See* ECF No. 46). It contains counterclaims for breach of contract, bad faith breach of insurance contract, and statutory unfair claims practices under section 686A.310 of the Nevada Revised Statutes. (*See id.*). Plaintiff argues that Counterclaimants' counsel withdrew on July 13, 2010, and Counterclaimants cannot pursue their claims in federal court without representation. Plaintiff is correct on both counts. Counterclaimants have not objected (they cannot object without counsel).[1] The Court grants the motion.

## CONCLUSION

IT IS HEREBY ORDERED that Pipes Paving's Motion to File Counterclaim (ECF No. 131) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Strike Pipes Paving's Motion to File Counterclaim (ECF No. 164) is GRANTED.

IT IS FURTHER ORDERED that Rising Sun Plumbing, LLC's Motion to File Counterclaim (ECF No. 150) is GRANTED.

IT IS FURTHER ORDERED that Nevada Stairs, Inc.'s Motion to File Amended Answer and Counterclaim (ECF No. 152) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Dismiss Counterclaim of Town Center Ventures, LLC (ECF No. 163) is GRANTED.

IT IS SO ORDERED.

Dated this 27th day of December, 2010.

ROBERT C. JONES
United States District Judge

---

[1] The Association has filed a limited objection, not to oppose dismissal of the TCV Counterclaim, but to note its objection to certain arguments Plaintiff makes in its motion concerning the merits of the case.