1

2

3

4

5

6                       **UNITED STATES DISTRICT COURT**

7                             **DISTRICT OF NEVADA**

8

EVEREST INDEMNITY INSURANCE CO.,         )
9                                                        )
                     Plaintiff,                          )
10                                                       )
            vs.                                          )        2:09-cv-01672-RCJ-RJJ
11                                                       )
AVENTINE-TRAMONTI HOMEOWNERS              )              **ORDER**
12   ASS'N et al.,                                       )
                                                         )
13                   Defendants.                         )
                                                         )
14

15   **I.      FACTS AND PROCEDURAL HISTORY**

16          This interpleader action arises out of claims and potential claims by approximately sixty

17   Defendants against Plaintiff Everest Indemnity Insurance Co. ("Everest").  In connection with a

18   construction project in Las Vegas, Nevada ("the Project"), Plaintiff Everest issued an Owner

19   Controlled Insurance Program Policy ("the Policy") effective May 15, 2003 through May 15,

20   2006 to Defendant Town Center Ventures, LLC ("TCV"), which covered TCV and its

21   contractors and subcontractors. (Compl. ¶¶ 71, 77, Aug. 28, 2009, ECF No. 1).  The Policy

22   provided $1 million in coverage, subject to a $50,000 "Self Insured Retention." (*Id.* ¶ 73).  On or

23   about January 15, 2008, Defendant Aventine-Tramonti Homeowners Association ("the

24   Association") sued TCV and Defendant Cams Construction ("Cams") in state court for

25   construction defects. (*Id.* ¶ 78).  Plaintiff undertook the defense of its insureds TCV and Cams,

1   and it had already expended $150,000 in their defense as of the date of the present Complaint,

2   leaving approximately $850,000 available under the Policy. (*Id.* ¶ 81).  The Association made

3   several demands under the Policy and rejected both Plaintiff's own policy-limits settlement offer

4   and a mediator's proposal that included payment of the policy limits, choosing instead to pursue

5   a judgment against Plaintiff's insureds. (*Id.* ¶¶ 83–84, 88).

6         Because Plaintiff could potentially face rival claims from its insureds under the Policy

7   exceeding the $850,000 of maximum liability under the Policy, it filed the present interpleader

8   action. (*See id.* ¶ 90).  Plaintiff has sued approximately sixty of its insureds, including the

9   Association, TCV, and Cams, on two causes of action: (1) Interpleader; and (2) Declaratory

10  Relief.  Plaintiff has deposited $850,000 with the Court registry pursuant to § 1335(a)(2). (*See*

11  Certificate of Cash Deposit, Sept. 17, 2009, ECF No. 9).

12        The following Defendants have filed counterclaims: (1) NGF, Inc., (*see* Answer &

13  Countercl., Nov. 17, 2009, ECF No. 44); (2) the Pageantry Defendants,[1] (*see* Answer &

14  Countercl., Nov. 18, 2009, ECF No. 46; Errata to Answer & Countercl., Nov. 19, 2009, ECF No.

15  50); (3) Avanti Door Group ("Avanti"), (*see* Answer & Countercl., Dec. 23, 2009, ECF No. 75);

16  (4) Western Pipeline Construction Corp. ("Western Pipeline"), (*see* Answer & Countercl., Jan. 6,

17  2010, ECF No. 81); (5) RCR Plumbing and Mechanical, Inc. ("RCR"), (*see* Answer &

18  Countercl., Sept. 3, 2010, ECF No. 171); and (6) Rising Sun Plumbing, LLC ("Rising Sun"),

19  (*see* Answer & Countercl., Jan. 8, 2011, ECF No. 231).  The Court granted stipulations to

20  dismiss certain counterclaims of Avanti, Western Pipeline, and NGF, (*see* Orders, ECF Nos. 197,

21  210, 211), granted a motion to dismiss the counterclaim of the Pageantry Defendants, (*see* Order,

22  Dec. 28, 2010, ECF No. 228), and granted Nevada Stairs, Inc.'s motion to file an amended

23

24        [1]The Pageantry Defendants are TCV, Cams, Pageantry Communities, Inc., Pageantry
    Development Corp., Pageantry Realty, Inc., Pageantry Residential, LLC, and Premier
25  Construction Corp.

1   answer and counterclaim, (*see id.*).  The case is stayed as against Defendant Willis Roof

2   Consulting, Inc., which has petitioned for Chapter 7 bankruptcy. (*See* Sugg. Bankr., Apr. 23,

3   2010, ECF No. 145).

4        Plaintiff has moved to dismiss Pipes Paving and the Pageantry Defendants for failure to

5   prosecute.  In three additional motions, Plaintiff has also moved to dismiss RCR's counterclaim,

6   to strike its counterclaim for punitive damages, and to strike certain affirmative defenses from its

7   answer.  RCR has responded and filed a counter-motion to amend its answer.  NGF has moved

8   for offensive summary judgment on its breach of contract counterclaim.  Non-party Lee

9   Hernandez Brooks Garofalo & Blake, APC ("Lee Hernandez") has moved for attorney's fees

10   and costs.

11   **II.      ANALYSIS**

12        At oral argument it became clear that all parties had agreed to settlement and

13   disbursement except Rising Sun.  The Court will therefore conditionally grant the Motion for

14   Disbursement of Funds (ECF No. 245) and deny the remaining motions without prejudice.  The

15   Motion for Attorney's Fees and Costs is separately addressed below.

16        Non-party Lee Hernandez has moved for attorney's fees and costs to be paid out of the

17   interpled funds. The Court denies this motion.  Lee Hernandez was first counsel for the

18   Pageantry Defendants in a state court construction defect case, and later counsel for Plaintiffs in

19   that case.[2]  It alleges those entities owe it approximately $50,000 in fees related to services

20   provided in the state court case.  Lee Hernandez notes that making a policy limits offer on an

21   insurance policy does not relieve an insurer of its continuing duty to defend an insured, and it

22   argues from there that it should therefore be entitled to reach the interpled funds to satisfy

23   Plaintiff's debt incurred in defense of the underlying action.  This conclusion does not follow.

24   _____

25       [2]The Pageantry Defendants and Plaintiffs were not adverse in the state court case but in the relation of insured to insurer.

1    The interpled funds remain disputed.  Lee Hernandez is not a party (and probably could not

2    intervene as a party) in this action, which is a dispute between insureds over potentially

3    insufficient insurance funds.  Lee Hernandez's claim to attorney's fees is a direct claim of debt

4    for services provided, not a claim to the interpled funds, i.e., insurance proceeds.  Lee Hernandez

5    may file a separate action to recover the debt directly, but it may not reach the disputed funds in

6    this interpleader action in order to satisfy separate debt simply because the debt arose out of

7    representation that is related to the present action.

8                                                            **CONCLUSION**

9            IT IS HEREBY ORDERED that the Motion for Disbursement of Funds (ECF No. 245) is

10   GRANTED, conditioned on the approval of the underlying settlement in state court.

11           IT IS FURTHER ORDERED that Lee Hernandez Brooks Garofalo & Blake, APC's

12   Motion for Attorney's Fees and Costs (ECF No. 226) is DENIED.

13           IT IS FURTHER ORDERED that Plaintiff's Motion to Dismiss Pipes Paving for Failure

14   to Prosecute (ECF No. 179), Plaintiff's Motion to Dismiss the Pageantry Defendants for Failure

15   to Prosecute (ECF No. 181), Plaintiff's Motion to Dismiss the Counterclaim of RCR Plumbing

16   and Mechanical, Inc. (ECF No. 185), Plaintiff's Motion to Strike RCR Plumbing's Punitive

17   Damages Claim (ECF No. 184), NGF, Inc.'s Motion for Summary Judgment (ECF No. 152),

18   Plaintiff's Motion to Strike Answer (ECF No. 192), and the Counter-motion to Amend (ECF No.

19   218) are DENIED without prejudice and may be re-filed if the state court settlement fails.

20           IT IS FURTHER ORDERED that the Motion for Summary Judgment (ECF No. 191) is

21   WITHDRAWN without prejudice and may be re-filed if the state court settlement fails.

22           IT IS SO ORDERED.

23    Dated this 1st day of June, 2011.

24   _____

                                ROBERT C. JONES
25                              United States District Judge

                                 Page 4 of  4