**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| EVEREST INDEMNITY INSURANCE COMPANY,<br><br>　　　　Plaintiff,<br><br>v.<br><br>AVENTINE-TRAMONTI HOMEOWNERS ASSOCIATION, a non-profit corporation; and DOE HOMEOWNERS' 1 through 500, TOWN CENTER VENTURES LLC, a Nevada limited liability company; CAMS CONSTRUCTION CORPORATION, a Nevada corporation; ACCESS TECHNOLOGIES; AMERICAN ASPHALT, GRADING CO.; AMPAM/RCR PLUMBING; ARC ELECTRIC; AVANTI DOOR GROUP; BAIR'S CARPET; BRANDON IRON INC.; C&W CLEANING; CENTURION SECURITY SYSTEM; CLOSET MASTERS; COAST WET PLUMBING, INC.; CONSTANT LIGHTING; CUSTOM HEALTH DISTRIBUTORS, INC.; D & L FRAMING; DAN BRADLEY'S GLASS SHOP, INC,; DESERT RAIN-ENVIOR SCAPE; DISTINCTIVE FRAMING; DISTINCTIVE MARBLE, INC.; JOHNSON ELECTRIC; h & B CONSTRUCTION ; HARRISON DOOR COMPANY; HIGH ENERGY ELECTRIC; JAYLEE DEVELOPMENT, LLC; KEEGAN ENGINEERING, P.C.; MASONRY BY BOB MARKS; METRO ELECTRIC; MOTIVATIONAL SYSTEMS, INC.; NEVADA GYPSUM FLOORS, INC.; NEVADA STAIRS, INC.; | 2:09-cv-1672-RCJ-RJJ<br><br>**ORDER**<br><br>Aventine-Tramonti Homeowners Association's Motion to Compel Plaintiff to Supplement its Answers to Aventine-Tremonti's First Set of Interrogatories, Responses to Aventine-Tremonti's First Set of Request for Production of Documents and Motion Regarding Sufficiency of an Answer or Objection to Aventine-Tremonti's Requests for Admission (#183) |

| | |
|---|---|
| 1 | |
| 2 | |
| 3 | NEVADA STATE PLASTERING; NEW CRETE; NORPAC CONSTRUCTION LLC; PACIFIC DRYWALL & PAINT; PEARSON TRENCHING; PERSONAL TOUCH INTERIORS; PIONEER OVERHEAD DOORS; PIPES PAVING; POOLS BY GRUBE; QUALITY CABINETS; R.W. STUCCO, INC.; RISING SUN PLUMBING, LLC.; SAN GABRIEL, INC; SEARS CONTRACT SALES; SKYLINE INSULATION; STATE INSULATION; SUMMIT DRYWALL & PAINT; SUNRISE MECHANICAL, INC.; SUPERIOR TILE & MARBLE, INC.; UNITED RENTALS HIGHWAY TECH; VAZZANA UNDERGROUND; WEST COST FRAMING; WESTCOR WINDOWS & PATIO DOOR; WESTERN PIPELINE CONSTRUCTION CORP.; WILLIS ROOFING CO., INC.; ZEPEDA BROS. PAINT & DRYWALL, |
| | |
| | Defendants. |
| | NEVADA GYPSUM FLOORS, INC., a Nevada corporation, |
| | |
| | Counterclaimant, |
| | vs. |
| | |
| | EVEREST INDEMNITY INSURANCE COMPANY, a Delaware corporation, |
| | |
| | Counterdefendant. |

This matter comes before the Court on Aventine-Tramonti Homeowners Association's Motion to Compel Plaintiff to Supplement its Answers to Aventine-Tremonti's First Set of Interrogatories, Responses to Aventine-Tremonti's First Set of Request for Production of Documents and Motion Regarding Sufficiency of an Answer or Objection to Aventine-Tremonti's Requests for Admission (#183). The Court also considered Plaintiff's Response

2

(#199) and Defendant's Reply (#205).

## BACKGROUND

This is an interpleader action that arises out of an underlying state court case involving a dispute between Aventine-Tramonti Homewoners Association (Aventine) and Town Center Ventures, LLC (Town Center), a developer, over alleged construction defects. Everest Indemnity Insurance Company (Everest) issued an Owner Controlled Insurance Program policy, No. 5000000253-031, to Town Center. Everest initiated this action asking the Court to determine the validity of the various insureds' policy demands and to seek to be released from all further liability under the policy.

Aventine sent written discovery to Everest, including Requests for Admission, Interrogatories, and Requests for Production. Aventine asserts that Everest's responses to the written discovery is inadequate and asks to Court to compel Everest to supplement its answers. Everest opposes the motion.

## DISCUSSION

**I. Requests for Admission 1-16**

Aventine failed to comply with LR 26-7(a) because it did not "set forth in full the text of the discovery originally sought and the response thereto, if any" in its motion. However, Aventine did provide a copy of Everest's answers with its Reply. Plaintiff's Answers to Requests for Admission, Exhibit 3 Attached to Defendants' Reply (#205). Aventine summarizes the content of its Requests for Admission 1-16 and the objections made by Everest but never explains why it believes Everest's answers are improper. Instead, Aventine "asks this Court to determine whether [Everest's] failure to respond and use of objections violate its discovery obligations and frustrate justice." Defendants' Motion (#183) at 7 ll. 11-12. In essence, Aventine asks the Court to do its work for it.

Because Everest agreed to supplement certain Requests for Admission, the Court will only consider those requests that Aventine refused to supplement. These are Requests for

1  Admission 5-7 and 12-14.

2  Even a cursory glance at Everest's answers is enough to determine that they are
3  inadequate. The Court only considers the unsupplemented requests, 5-7 and 12-14. Request No.
4  5 will serve as an example, as all of Everest's objections follow the same improper formula.

5  <u>Request for Admission No. 5:</u>

6  Admit that prior to the issuance of the EVEREST POLICY, YOU had
7  experience in underwriting liability insurance coverage for contractors involved in
8  the construction of multi-unit condominium projects in Clark County, Nevada.

9  <u>Response to Request for Admission No. 5:</u>

10  ENIC hereby incorporates by reference all the foregoing general
11  statements and objections. ENIC also objects to the definition "YOU" as overly
12  broad. ENIC further objects to the definition of EVEREST POLICY as
13  misleading and that it mischaracterizes the insureds under the policy. ENIC also
14  objects to this request as it is overly broad and unlimited as to scope.

15  ENIC also objects to this request because it is vague, ambiguous, and
16  unintelligible as to the phrases and/or terms "experience in underwriting liability
17  insurance coverage," and "contractors involved in the construction of multi-unit
18  condominium projects." ENIC also objects to this request on the grounds that it is
19  compound.

20  ENIC further objects to this request to the extent it seeks information
21  protected by attorney-client privilege, work product doctrine and right of privacy.

22  ENIC also objects to this request in that it seeks information which is
23  beyond the scope of permissible discovery in that it is not relevant to the
24  appropriate claims or defenses in this action nor likely to lead to discovery of
25  admissible evidence. ENIC further objects to this request to the extent that it is
26  unduly oppressive and burdensome.

27

28                                                    4

Plaintiff's Answers to Requests for Production at 6-7, Attached as Exhibit 3 to Defendants' Reply (#205).

"Parties may not view requests for admission as a mere procedural exercise requiring minimally acceptable conduct." *Marchand v. Mercy Medical Center*, 22 F.3d 933, 936 (9th Cir. 1994). The goal of the Federal Rules "is full and efficient discovery, not evasion and word play." *Id*. "The grounds for objecting to a request must be stated." FED. R. CIV. P. 36(a)(5). Answers to Requests for Admissions must admit or deny the admission, be specific, must fairly respond to the substance of the matter, and must be made in good faith. *See* FED. R. CIV. P. 36(a)(4).

Everest never admits or denies the requests, nor does it explain why it is unable to answer. *See* FED. R. CIV. P. 36(a)(4). Everest's boilerplate objections are repeatedly made without reference to any grounds that might support them. In fact, every single objection is identical, except for the second paragraph where Everest merely inserts the language of the request. Everest's responses are inadequate and its objections baseless and improper.

First, Everest objects to certain definitions of words used in the requests. Everest objects to the definition of "YOU," which Aventine defines as: "Plaintiff Everest Indemnity Company and all other persons or entities acting on its behalf," because it is overly broad. Defendants' Requests for Admission at 2, Attached as Exhibit 1 to Defendants' Motion (#183). However, Everest never explains why it believes the term "YOU" is overly broad, nor does it answer subject to a limited definition of the term. Aventine limits its definition to Everest and its representatives. It could have been limited only to representatives whose actions relate to the transactions, facts, or occurrences that comprise this lawsuit, but even without such limitation, the term "YOU" as defined by Aventine is not overly broad.

Next, Everest objects to the term "EVEREST POLICY" as it is misleading and mischaracterizes the insureds. Aventine defines the term as "policy number 5000000253-031 issued to Town Center Ventures LLC." Defendants' Requests for Admission at 2, Attached as

5

1  Exhibit 1 to Defendants' Motion (#183).  Everest never explains exactly how such a definition is
2  misleading or mischaracterizes the insureds.  The only potentially interpretive clause of the
3  definition is: "issued to Town Center Ventures LLC".  However, on the first page of the policy
4  attached as Exhibit 1 to Everest's Complaint (#1), it lists the named insured as "Town Center
5  Ventures, LLC."  Though there may be factual questions in this case as to who exactly is covered
6  by the policy at issue, Everest's objection to Aventine's definition does not release it from its
7  obligation to response to requests for admission.  Everest makes the same objection to every
8  request, and it is improper in all of them.

9        Then, Everest objects to the request as being overly broad and unlimited in scope.  The
10  Court can find no basis for such an objection.  Aventine limits the time period (prior to the
11  issuance of the policy); the subject matter (insurance coverage for contractors); the type of
12  project (multi-unit condominiums); and the location (Clark County, Nevada).  The question is
13  limited in scope and breadth.  Aventine's other requests are equally limited.  This objection is
14  improper.

15        Everest then objects to whatever language Aventine uses in its requests as being vague,
16  ambiguous, and unintelligible.  For example, in response to Request 5, Everest states that it is
17  unable to understand the phrases, "experience in underwriting liability insurance coverage," and
18  "contractors involved in the construction of multi-unit condominium projects."  Plaintiff's
19  Answers to Requests for Production at 7, Attached as Exhibit 3 to Defendants' Reply (#205).  It
20  is difficult for the Court to understand Everest's inability to decipher such statements.  This
21  objection is improper because it is evasive word play.  *Marchand*, 22 F.3d at 936.

22        Everest then claims attorney-client privilege and invokes the doctrines of work product
23  and right of privacy without any explanation or privilege log as required by FED. R. CIV. P.
24  26(b)(5)(A).  Everest fails to "describe the nature of the documents, communications, or tangible
25  things not produced or disclosed ... in a manner that ... will enable other parties to assess the
26  claim." FED. R. CIV. P. 26(b)(5)(A)(ii).  If these objections are to be upheld, Everest must

28        6

1  comply with the rules. It has not.

2      Everest's next objects to all of the requests because they are outside the scope of
3  permissible discovery and that they are not relevant. Specifically, Everest argues that Aventine
4  lacks standing to bring the claims and defenses that would entitle it to the discovery it seeks.
5  Because Aventine cannot raise these claims and defenses, Everest asserts that Aventine's
6  requests for discovery on those defenses are not relevant. Until that issue is resolved by the
7  Court, Aventine will be permitted to pursue all relevant discovery. The requests it has made are
8  not outside the scope of Everest's claims or Aventine's defenses.

9      Lastly, Everest argues that the requests are unduly oppressive and burdensome.
10 "[O]bjections such as 'overly burdensome and harassing' are improper-especially when a party
11 fails to submit any evidentiary declarations supporting such objections." *A. Farber & Partners,*
12 *Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006). Besides labeling them as such, Everest
13 gives no support to its claim that Aventine's request are unduly oppressive and burdensome.
14 This objection is also improperly made.

15     Here, both parties have failed to comply with the Federal Rules of Civil Procedure and/or
16 the Local Rules. Therefore, the Court will order that Everest supplement its responses to
17 Aventine's Requests for Admission 5-7 and 12-14. Everest must admit or deny each request in
18 compliance with FED. R. CIV. P. 36. Because of Everest's uncooperative and vacuous objections,
19 it will do so without objection.

20 **II. Aventine's Interrogatories 1-20**

21     Aventine failed to comply with LR 26-7(a). Again, Aventine argues that its questions
22 were proper and that Everest's responses to the interrogatories were improper without citing any
23 authority or providing any analysis other than baseless conclusions. Aventine argues that Everest
24 waived any claims of privilege and should produce a privilege log, but provides no support for
25 either argument. For example, "[Aventine] submits that [Everest] and/or its proxies, including
26 attorneys, put their conduct before this Court in seeking equity and have waived any claims for

27

28                                   7

privilege or privacy–if such information is necessary to meet [Everest's] fantastic allegations." Defendants' Motion (#183) at 7 ll. 23-25.

Here, not only does Aventine fail to cite any authority for its waiver argument, but it also fails to assert that the allegedly privileged information it seeks is necessary to the case. Again, Everest has agreed to supplement all of its answers to Aventine's Interrogatories except 5, 7, 12-14, and 17, yet Aventine does not limit its motion to those Interrogatories.

However, in response to Interrogatories 5, 7, 12-14, and 17, Everest objects, verbatim, in exactly the same fashion as it objected to Aventine's Requests for Admission. Everest's Answers to Aventine's Interrogatories, Attached as Exhibit 1 to Defendants' Reply (#205). Because Aventine also failed to comply with the Rules, the Court will only consider those Interrogatories that Everest refused to supplement. For all the reasons mentioned above, Everest must fully answer Aventine's Interrogatories 5, 7, 12-14, and 17 without objection.

**III. Aventine's Requests for Production 1-48**

Aventine provides at least some reasoning to explain its assertion that Everest should be compelled to produce documents, addressing Everest's objections based on privilege, breadth, scope, and privacy. Everest agreed to supplement its answers to Requests for Production 1-10, but would not supplement its answers to Request for Production 11-48 on the grounds that the requests are not relevant. Everest again asserts numerous objections including all of the objections explained above and adding the objections that every request is compound and that every request seeks confidential and proprietary information.

It appears as though Everest does not take its discovery obligations seriously. Excessive evasion or resistance to reasonable discovery requests pose significant problems. *Burlington N. & Santa Fe R.R. Co. v. United States Dist. Court for the Dist. of Mont.*, 408 F.3d 1142, 1148 (9th Cir. 2005). A boilerplate objection inserted into a Rule 34 response to a request for production of documents in insufficient to assert a privilege. *Burlington*, 408 F.3d at 1149. If a party fails to provide a privilege log within the 30 day guideline provided by Rule 34, the Court

may find the privilege waived. *Id*. This is a case by case determination, looking into factors such as:

> [1] the degree to which the objection or assertion of privilege enables the litigant seeking discovery and the court to evaluate whether each of the withheld documents is privileged (where providing particulars typically contained in a privilege log is presumptively sufficient and boilerplate objections are presumptively insufficient);
>
> [2] the timeliness of the objection and accompanying information about the withheld documents (where service within 30 days, as a default guideline, is sufficient);
>
> [3] the magnitude of the document production; and
>
> [4] other particular circumstances of the litigation that make responding to discovery unusually easy (such as, here, the fact that many of the same documents were the subject of discovery in an earlier action) or unusually hard.

*Id*.

Here, Everest provides no information, or privilege log to the Court or to Aventine that would enable it to determine whether the documents are privileged. There is nothing to indicate that Everest's responses were untimely, however, it has provided no accompanying information as to why the withheld documents are privileged. Though Everest asserts that production of documents would be unduly burdensome, it submits no declaration or evidence supporting that fact. *See A. Farber*, 234 F.R.D. at 188 (holding that objections that discovery is unduly burdensome or harassing are improper when the responding party fails to submit any evidentiary declarations supporting such objections ). Finally, because this interpleader arises from an underlying action that involves the same factual bases, there is nothing to suggest that responding to the discovery would be unusually hard. If anything, the existence of the underlying action should make discovery easier as Everest has already been involved in litigation related to the subject insurance policy and factual predicate. Therefore, the Court finds that Everest waived any privilege by failing to provide a privilege log and will be required to respond to Aventine's Requests for Production 11-48 without objection.

Though Aventine's motion to compel is less than stellar, Everest's discovery responses

are improper and will not be tolerated.

## CONCLUSION

Based on the foregoing, and good cause appearing therefore,

IT IS HEREBY ORDERED that Defendants' Motion to Compel Plaintiff to Supplement its Answers to Aventine-Tremonti's First Set of Interrogatories, Responses to Aventine-Tremonti's First Set of Request for Production of Documents and Motion Regarding Sufficiency of an Answer or Objection to Aventine-Tremonti's Requests for Admission (#183) is **GRANTED** as to Requests for Admission 5-7 and 12-14; Interrogatories 5, 7, 12-14, and 17; and Requests for Production 11-48 and **DENIED** as to all other requests.

DATED this 29th day of August, 2011.

_____
ROBERT J. JOHNSTON
United States Magistrate Judge