1

2

3

4

5

6                           **UNITED STATES DISTRICT COURT**

7                                **DISTRICT OF NEVADA**

8
   EVEREST INDEMNITY INSURANCE CO.,          )
9                                             )
                  Plaintiff,                  )
10                                            )
        vs.                                   )        2:09-cv-01672-RCJ-RJJ
11                                            )
   AVENTINE-TRAMONTI HOMEOWNERS               )        **ORDER**
12  ASSOCIATION et al.,                       )
                                              )
13               Defendants.                  )
   _____        )

14

15        This interpleader action arises out of claims and potential claims by approximately sixty

16  Defendants against Plaintiff Everest Indemnity Insurance Co. ("Everest").  In connection with a

17  construction project in Las Vegas, Nevada ("the Project"), Plaintiff Everest issued an Owner

18  Controlled Insurance Program Policy ("the Policy") effective May 15, 2003 through May 15,

19  2006 to Defendant Town Center Ventures, LLC ("TCV"), which covered TCV and its

20  contractors and subcontractors. (Compl. ¶¶ 71, 77, Aug. 28, 2009, ECF No. 1).  The Policy

21  provided $1 million in coverage, subject to a $50,000 "Self Insured Retention." (*Id.* ¶ 73).  On or

22  about January 15, 2008, Defendant Aventine-Tramonti Homeowners Association ("the

23  Association") sued TCV and Defendant Cams Construction ("Cams") in state court for

24  construction defects. (*Id.* ¶ 78).  Plaintiff undertook the defense of its insureds TCV and Cams,

25  and it had already expended $150,000 in their defense as of the date of the present Complaint,

1  leaving approximately $850,000 available under the Policy. (*Id.* ¶ 81).  The Association made

2  several demands under the Policy and rejected both Plaintiff's own policy-limits settlement offer

3  and a mediator's proposal that included payment of the policy limits, choosing instead to pursue

4  a judgment against Plaintiff's insureds. (*Id.* ¶¶ 83–84, 88).

5       Because Plaintiff could potentially face rival claims from its insureds under the Policy

6  exceeding the $850,000 of maximum liability under the Policy, it filed the present interpleader

7  action. (*See id.* ¶ 90).  Plaintiff has sued approximately sixty of its insureds, including the

8  Association, TCV, and Cams, on two causes of action: (1) Interpleader; and (2) Declaratory

9  Relief.  Plaintiff has deposited $850,000 with the Court registry pursuant to § 1335(a)(2). (*See*

10  Certificate of Cash Deposit, Sept. 17, 2009, ECF No. 9).  Several Defendants filed

11  counterclaims, some of which have been dismissed voluntarily or otherwise adjudicated.

12       At oral argument on several previous motions it became clear that all parties had agreed

13  to settlement and disbursement except Rising Sun.  The Court therefore granted the

14  Association's Motion for Disbursement of Funds (ECF No. 245), "conditioned on the approval

15  of the underlying settlement in state court."  The Association has now moved for the Court to

16  order disbursement of the interpled funds in accordance with the state court settlement and has

17  filed a copy of the state court's good faith determination as to the underlying settlement and its

18  subsequent certification of final judgment. (*See* ECF No. 283, Exs. 1–2).  Several parties have

19  joined the motion, including Plaintiff, but Plaintiff has conditioned its joinder as follows: (1) that

20  Plaintiff's insureds' fees and costs be satisfied out of the disbursed funds prior to any other

21  distributions, i.e. $54,481.63 of the $859,602.61 Plaintiff deposited; (2) that certain Defendants

22  and their counsel promise in writing not to pursue any additional fees or costs arising in the

23  underlying state court action from Plaintiff; and (3) that any such fees or costs claimed be paid

24  out of the interpled funds prior to any other disbursement.  The Association correctly notes in

25  reply that the Court's order required only finalization of the state court settlement.  The audio

1    recording of the hearing makes clear that the disbursement is controlled by the terms reached in

2    the state court settlement agreement, and that the present case will then be resolved except for

3    Defendants' counterclaims for bad faith. (*See* Hr'g 11:31–33 a.m., 11:44 a.m., May 6, 2011).

4    The state court settlement will control the distribution of funds.  This Court will simply release

5    the funds back to the Association for distribution according to that agreement.  Any motions for

6    interpretation or modification of the settlement agreement must be directed to the state court,

7    although this Court might have supplemental jurisdiction over a claim that a party has breached

8    the settlement agreement.  But in any case, the bare fact of the settlement agreement's finality is

9    sufficient to trigger the release of the interpled funds under the Court's previous ruling.

10                                               **CONCLUSION**

11           IT IS HEREBY ORDERED that the Motion for Disbursement of Funds (ECF No. 283) is

12   GRANTED.

13           IT IS FURTHER ORDERED that the Clerk shall release the funds deposited by Everest

14   Indemnity Insurance Co. and all interest accrued back to Everest Indemnity Insurance Co. c/o

15   Brian Vanderhoof. (*See* Certificate of Cash Deposit, ECF No. 9).

16           IT IS FURTHER ORDERED that Mr. Vanderhoof shall hold those funds in separate trust

17   and shall distribute them forthwith in accordance with the settlement agreement reached in Clark

18   County, Nevada District Court Case No. 08-A555328.

19           IT IS FURTHER ORDERED that the Motions to Withdraw as Attorney (ECF Nos. 289,

20   291) are GRANTED.

21           IT IS FURTHER ORDERED that the hearing set for January 20, 2012 is VACATED.

22           IT IS SO ORDERED.

23   Dated this 8th day of December, 2011.

24   _____
                              ROBERT C. JONES
25                            United States District Judge
                              Page 3 of  3