**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| EVEREST INDEMNITY INSURANCE CO., | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) | 2:09-cv-01672-RCJ-RJJ |
| AVENTINE-TRAMONTI HOMEOWNERS ASS'N et al., | ) ) ) ) | **ORDER** |
| Defendants. | ) ) | |

This is an interpleader action arising out of claims and potential claims by approximately sixty Defendants against Plaintiff Everest Indemnity Insurance Co. ("Everest"). Pending before the Court is a motion for sanctions pursuant to Rule 11, as well as a motion for a final order of dismissal. For the reasons given herein, the Court grants the motion to dismiss but denies the motion for sanctions.

**I.     PROCEDURAL HISTORY**

The Court granted Everest's motion for summary judgment against the Counterclaim of Rising Sun Plumbing, LLC ("Rising Sun") but declined to award sanctions against Rising Sun pursuant to Rule 11. The Court denied Rising Sun's motion to reconsider and noted that the motion was not based upon new law or fact, as required under the rule, but was simply a rehashing of arguments Rising Sun made against the original motion. Everest has therefore filed

the present motion for sanctions pursuant to Rule 11 because the motion to reconsider included no new law or facts and failed to show that the Court committed clear error. Everest asks for at least $5805, the cost to defend the motion to reconsider. Everest has also asked the Court to enter judgment and close the case, because the underlying claims against Everest's insureds in state court have been resolved, Everest has disbursed the interpled funds in accordance with the Court's orders, and all counterclaims have been adjudicated.

## II.   LEGAL STANDARDS

An attorney signing, filing, advocating, etc. a pleading thereby represents to the court, *inter alia*, that the legal contentions therein are warranted by existing law or a nonfrivolous argument for extending existing law, and that the factual claims have evidentiary support. Fed. R. Civ. P. 11(b)(2)–(3). A court may upon motion sanction a party or an attorney monetarily or otherwise to the extent sufficient to deter repetition by the violator or others similarly situated. Fed. R. Civ. P. 11(c)(2), (4). Monetary sanctions should be based upon the costs arising out of the violation, Fed. R. Civ. P. 11(c)(4), and may not be awarded against a party for violation of Rule 11(b)(2) by the party's attorney. Fed. R. Civ. P. 11(c)(5)(A). A motion for sanctions may not be filed unless and until the movant has served the alleged violator with the proposed motion under Rule 5 and waited twenty-one days to file the motion with the court, during which time period the alleged violator may withdraw the offending motion to prevent the movant from filing the propose motion with the court. Fed. R. Civ. P. 11(c)(2).

"A motion to reconsider is frivolous if it contains no new evidence or arguments of law that explain why the magistrate should change an original order that was proper when made." *Magnus Elecs., Inc. v. Masco Corp. of Ind.*, 871 F.2d 626, 630 (7th Cir. 1989) (citing *Unioil, Inc. v. E.F. Hutton & Co.*, 809 F.2d 548, 559 (9th Cir. 1986)). "Where a motion for reconsideration simply repeats the movant's earlier arguments, without showing that something material was overlooked or disregarded, presenting previously unavailable evidence or argument, or pointing

1  to substantial error of fact or law, such motion is frivolous." *Miller v. Norfolk S. Rwy. Co.*, 208 F.
2  Supp. 851, 854 (N.D. Ohio 2002) (citing *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 505
3  (9th Cir. 1986) ("[T]he [district] court found the [Rule 59(e)] motion frivolous because it
4  introduced nothing new. [Movant], the district court declared, "had wasted the time of court and
5  counsel." The district court was not plainly wrong in this finding and the district court did not
6  abuse its discretion in making this award.").

**III.   ANALYSIS**

Everest attests to having served Rising Sun with the present motion on April 2, 2012. (*See* Mahmoudian Decl. ¶ 3, Apr. 2, 2012, ECF No. 339, at 11). Mahmoudian attests to having worked 19.5 hours on the opposition to the motion to reconsider at $215 per hour, for a total of $4192.50. (*See id.* ¶¶ 5–6). He attests to having spent 4.5 hours on the present motion for sanctions, for a total of $967.50. (*See id.* ¶ 7). He anticipates spending three hours on the hearing, for a total of $645. (*See id.* ¶ 8). The grand total is $5805. (*See id.* ¶ 9).

The Court agrees that the motion to reconsider was without merit. As noted in the order denying the motion for reconsideration, that motion simply presented the same arguments as the opposition to the motion for summary judgment and "introduced nothing new." *See MGIC Indem. Corp.*, 803 F.2d at 505. The motion did not address the difference between traditional and burning-limits policies, the difference upon which the Court's ruling turned. Still, the Court in its discretion declines to award sanctions.

///
///
///
///
///
///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion for Sanctions (ECF No. 339) is DENIED.

IT IS FURTHER ORDERED that the Motion for Order of Final Dismissal, With Prejudice, and Entry of Judgment (ECF No. 348) is GRANTED.

IT IS FURTHER ORDERED that the Motion to Extend Time Regarding Discovery (ECF No. 314) is DENIED as moot.

IT IS SO ORDERED.

Dated this 23rd day of July, 2012.

_____
ROBERT C. JONES
United States District Judge